UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PLUME and ALEXANDRA DAVINO, on behalf of themselves and others similarly situated,<br><br>                                              Plaintiffs,<br><br>-against-<br><br>Q C G, INC. d/b/a VILLA LOMBARDI'S; 600 SOUTH OCEAN OPERATING CORP. d/b/a LOMBARDI'S ON THE BAY; LOMBARDI CATERERS, INC. d/b/a LOMBARDI'S ON THE SOUND; QUIRINO LOMBARDI; GUY LOMBARDI; and/or FILOMENA LOMBARDI,<br><br>                                              Defendants. | 14 Civ. 4213 (JS) (AKT)<br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

LIPMAN & PLESUR, LLP
*Attorneys for Defendants*
500 North Broadway, Suite 105
Jericho, NY  11753
Telephone:     (516) 931-0050

Defendants, by their attorneys Lipman & Plesur, LLP, submit this memorandum of law in support of their motion for an order dismissing the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6) and pursuant to the general power of the Court to administer its docket.

## I. PRELIMINARY STATEMENT

Plaintiffs are class members in *Flores, et al. v. Mamma Lombardi's of Holbrook, Inc. et al.* (12–cv-3532 (GRB)), a case already preliminarily approved for settlement of wage and hour claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Plaintiffs had due notice of the *Flores* class action and opted to remain in the case, file a claim form with a waiver of rights and file objections to the settlement. Now, Plaintiffs have filed the instant action, seeking the same damages against the same defendants. Since Plaintiffs have not opted-out as class members of the *Flores* case, and their time to do so has expired, they are bound as members of that case's class. Their claims in this case should be dismissed since they will be released by the *Flores* settlement or otherwise litigated as part of the *Flores* case.

## II. RELEVANT FACTS

A class action settlement of the *Flores* case has been preliminarily approved and a Fairness Hearing has been scheduled for November 12, 2014. *See* 12–cv-03532(GRB) Document No. 135. Plaintiffs Plume and Davino are class members in the *Flores* case and were sent the Notice of Class Action Settlement, including exclusion rights for class member, by the Settlement Administrator. *See* 12–cv-03532(GRB) Document No. 129-2 and Exhibit A to the Lipman Declaration. Plaintiffs Plume and Davino did not opt out of the Flores case. To the contrary, they submitted claim forms that specifically provide that they are opting into the *Flores* case under the FLSA and releasing all the claims against the same Defendants as in the present

case. (*See* Exhibit B to the Lipman Declaration). As required by the preliminary approval, the *Flores* class members were sent notice of that approval, including specific references to the fact that the settlement in that case contained a broad release of class members' federal and state wage-hour claims, including claims regarding gratuities. The Notice also included notice of the fact that individuals not electing to opt out of the action would be bound by the settlement and the settlement's release provisions, and the specific process required to elect to opt out. The first page of the Notice states that individuals who file a claim "waive certain claims, including all wage and hour claims…" (See Exhibit A to Lipman Declaration). Section I(B) of the Notice explains that the case is about*, inter alia*, minimum wage, overtime premium pay, spread of hours pay and unlawful deductions from wages or gratuities. Section I(C)(5) of the Notice states that class members who do not opt-out of the settlement will release Defendants from all wage-related claims, including all the claims stated in the Complaint of the present case. Section I(D) of the Notice provides:

> If you are a member of the Settlement Class and you do not exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement between the Parties, including a full release of claims that will prevent you from separately suing Defendants or the Released Parties for the Released Claims settled in this case…
>
> Section I(F) of the Notice explains that "You can object only if you remain in the Class."

Plaintiffs Plume and Davino elected not to opt out. Instead they filed claim forms and, through counsel, they filed their objections to the preliminary settlement in the *Flores* case. *See* 12–cv-03532(GRB) Document No. 142.

### III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS ELECTED NOT TO OPT-OUT OF THE *FLORES* CASE

#### A. Plaintiffs Elected To Remain As Class Members in *Flores,* Thus The *Flores* Case Is the Forum For Them To Recover Alleged Damages

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and pursuant to the general power of the Court to administer its docket, Plaintiffs cannot seek relief in both the *Flores* case and the instant case for alleged wage-hour violations. *Shumsket v. Citigroup Global Markets Inc*., 569 Fed. Appx. 16 (2d Cir. 2014) (complaint properly dismissed for failure to state a claim on which relief could be granted because the complaint was barred by court's preliminary approval of a settlement class of which plaintiff was a member). Plaintiffs simply should not be permitted to maintain this duplicative complaint. *DiGennaro et al. v. Whitehair et al*., 467 Fed. Appx. 42 (2d Cir. 2012) (federal district courts have the general power to administer their docket to stay or dismiss duplicative suits).

Plaintiffs Plume and Davino should air their grievances at the Fairness Hearing in the *Flores* case, not by filing a separate complaint or otherwise seeking to intervene. *Alleyne v. Time Moving & Storage Inc.,* No. 08 Civ. 1356 (ENV), 2010 U.S. Dist. LEXIS 7328 (E.D.N.Y. Jan. 28, 2010) (objectors should air their quarrels with the settlement through the fairness hearing). In *Alleyne*, the objectors elected not to opt-out of the class action and made the "eyes-wide-open" decision to try to derail the settlement and then take over the case as class representatives. As the *Alleyne* Court found, a potential class member has the choice of electing out of a class action and pursing their claims separately or deciding not to opt out with the result of being bound to the resolution of that class action. Plaintiffs who elect not to opt out but question a proposed settlement may object to it within the approval process and cannot succeed without a factual showing that the *Grinnell* test does not support a settlement. *Alleyne*; *See also City of Detroit v.*

3

*Grinnell Corp.*, 494 F.2d 448 (2d Cir. 1974). The time for such a factual showing is at a Fairness Hearing in the *Flores* case. Because Plaintiffs Plume and Davino elected not to opt-out of the *Flores* case, they are bound by the *Flores* case. *Gortat v. Capala Bros, Inc*., No. 07 Civ. 3629 (ILG), 2011 U.S. Dist. LEXIS 57130, at *2, n.1 (E.D.N.Y. May 27, 2011) (class members are bound to class membership unless they opt-out).

      **B.**      **Plaintiffs' Objections To The Class Action Settlement Filed in the Flores Case Do Not Support A Basis for this Action**

Plaintiffs argue in their objections to class settlement in the Flores case that the *Flores* settlement contains an overly expansive release that should not release certain NYLL claims regarding purported gratuities. Plaintiffs seek to be excused from the release arguing that the release is not based upon the same factual predicate as Plaintiffs Plume's and Davino's claims and because they claim the *Flores* case does not have proper class representatives. As will be shown in the proper forum, Plaintiffs Plume and Davino are wrong as a matter of fact and law. As will be addressed in the Motion for Final Approval of the *Flores* Class Settlement and at the Fairness Hearing in the *Flores* case, some of the *Flores* Plaintiffs did work in service related positions outside of the kitchen and the wage-related claims were all properly released in the settlement. It is well settled that class action releases may include claims not specifically itemized in the complaint and that broad class action settlement are common. *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (the law is well settled in the Second Circuit that a release is valid even if not presented in the case so long as the released conduct arises out of the same factual predicate as the settled conduct). *See also Donovan v. Rite Aid of New York Inc.,* No. 13 Civ. 2937 (KBF), 2013 U.S. Dist. LEXIS 168188 (S.D.N.Y. Nov. 14, 2013) (class member in a wage-hour class action against an employer is barred from bringing another suit against the same employer).

The facts surrounding the wages paid to all the class members in the *Flores* case are the same as the facts in the present case. The fact that Plaintiffs who worked in service related positions in the *Flores* case may not view a NYLL § 196(d) claim the same way as the present Plaintiffs is not fatal to a *Flores* settlement that bars this complaint. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 115 (2d Cir. 2005) (due process does not require that all class claims be pursued). Further, the motion for final approval of class settlement in the Flores case will reveal that a class action notice was sent to thousands of class members in the *Flores* action. The court-approved notice specified that all the claims presented in the present complaint were being released, and specifically addressed claims for deduction from gratuities; which is a NYLL § 196(d) claim. Since putative class members had an opportunity to opt-out, those that did not should be bound by the settlement. *Alleyne*, 264 F.R.D 41.

## IV. CONCLUSION

This matter should be dismissed and Plaintiffs should not be entitled to their "day in court" twice for the same claims.

Dated: October 15, 2014  LIPMAN & PLESUR, LLP
       Jericho, New York

                                          /s/ Robert D. Lipman
                                    Robert D. Lipman
                                    lipman@lipmanplesur.com
                                    David A. Robins
                                    robins@lipmanplesur.com
                                    *Attorneys for Defendants*
                                    500 North Broadway, Suite 105
                                    Jericho, NY 11753
                                    Telephone:   (516) 931-0050
                                    Facsimile:    (516) 931-0030